KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant CHINA BASIN BALLPARK COMPANY
LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN "MAC" WILLIAMSON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINA BASIN BALLPARK COMPANY LLC, a Delaware Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 3:20-cv-8056<br><br>**NOTICE OF REMOVAL OF A CIVIL ACTION TO FEDERAL COURT**<br><br>[Removed from San Francisco Superior Court, Case No. CGC20587701]<br><br>Date Filed:  November 16, 2020<br><br>**JURY TRIAL DEMANDED** |

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2    **NORTHERN DISTRICT OF CALIFORNIA:**

3              Defendant CHINA BASIN BALLPARK COMPANY, LLC, ("Defendant") hereby

4    removes Case No. CGC20587701 from the Superior Court of the State of California for the

5    County of San Francisco to the United States District Court for the Northern District of

6    California.  Removal is authorized by 28 U.S.C. §§ 1331, 1332, 1441 and 1446 and 29 U.S.C.

7    § 185.

8    **I.      STATEMENT OF THE CASE**

9              1.      On November 10, 2020, Plaintiff Johnathan "Mac" Williamson ("Plaintiff")

10   initiated this action in the Superior Court for the State of California for the County of San

11   Francisco.  Plaintiff's claims arise from an on-field injury he suffered in the San Francisco

12   Giants' ballpark while playing for the San Francisco Giants.  Ex. A, Nov. 10, 2020 Complaint

13   (Compl.) at ¶¶ 1-2.  Plaintiff's complaint (Complaint) contains two causes of action: (1) premises

14   liability and (2) negligence.  Both claims are brought against Defendant.  Compl. at ¶¶ 37-49.

15             2.      Plaintiff is a former Major League Baseball ("MLB") player.  MLB players are

16   members of the Major League Baseball Players Association ("MLBPA"), which is a labor

17   organization within the meaning of 29 U.S.C. § 185.  At the time of the incident described in the

18   Complaint, *see* ¶ 24, Plaintiff was a member of the MLBPA and a collective bargaining

19   agreement existed between MLB Clubs, including the San Francisco Giants, and the MLBPA.

20   The collective bargaining agreement contains provisions related to working conditions generally

21   and field safety issues specifically.  It also sets forth procedures for players' claims related to on-

22   field injuries and disputes with their clubs.

23             3.      Defendant denies all liability but on information and belief alleges that the amount

24   in controversy exceeds $75,000.

25             4.      Plaintiff has not yet served the Complaint on Defendant.

26   **II.     PARTIES**

27             5.      Plaintiff alleges that he is a resident of North Carolina.  Compl. ¶ 3.

28

1537821

6.      Plaintiff alleges that Defendant is a Delaware limited liability company, having its principal place of business in San Francisco.  Compl. ¶ 4.

7.      Defendant is owned by San Francisco Baseball Associates LLC and Grand Slam Baseball, LP, two of the several related entities involved in the ownership and operation of the San Francisco Giants baseball club and the club's ballpark.  No member of San Francisco Baseball Associates LLC or partner of Grand Slam Baseball, L.P., is a citizen of North Carolina.

## III.     JURISDICTION

8.      A defendant may remove to this Court any state-court civil action over which this Court has original subject matter jurisdiction.  28 U.S.C. § 1441(a).

9.      This Court has original subject matter jurisdiction over federal questions—that is, "all civil actions arising under the Constitution [or] laws . . . of the United States."  28 U.S.C. § 1331.

10.     This Court has original subject matter jurisdiction over actions between citizens of different States.  28 U.S.C. § 1332(a)(1).  28 U.S.C. § 1441(b)(2) does not bar an in-forum defendant from removing a diversity action to federal court if the in-forum defendant has not been "properly joined and served."  *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020) (noting that this District "consistently" allows in-forum defendants to invoke diversity jurisdiction prior to service); *accord Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *see also Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (following the reasoning of *Gibbons* and *Encompass*).

11.     This Court also has original subject matter jurisdiction over claims brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Furthermore, where a plaintiff artfully pleads what is in fact a Section 301 claim as a tort claim, this Court has exclusive jurisdiction over the claim, making removal from state court proper.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.  The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining

agreement, and any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) (noting that the LMRA provides for complete preemption and removal jurisdiction).

## IV.   VENUE, INTRA-DISTRICT ASSIGNMENT & RELATED CASES

12.   This District embraces the Superior Court of the State of California for the County of San Francisco, where Plaintiff originally filed his complaint.  *See* 28 U.S.C. § 1446(a).

13.   If the Court determines intra-district transfer is appropriate, the case should be assigned to the San Francisco/Oakland Division because a substantial part of the alleged events or omissions contained in the Complaint occurred in the County of San Francisco.

## V.   PROCEDURAL REQUIREMENTS

14.   Defendant files this Notice prior to receiving service of the Complaint.  *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1441(b)(2).

15.   The Complaint purports to name "Doe defendants" in addition to Defendant.  This Court disregards fictitious defendants when analyzing a removal petition.  28 U.S.C. § 1441(b)(1).  No other defendant is named.

16.   Defendant will serve this Notice on Plaintiff's counsel and on the Clerk of the Superior Court of the State of California for the County of San Francisco. *See* 28 U.S.C. § 1446(d). Additionally, Defendant files as Exhibit A to this Notice a true and correct copy of the Complaint and as Exhibit B to this notice a true and correct copy of "Notice to Plaintiff,"

## VI.   JURY DEMAND

Defendant demands trial by jury on any issue so triable.

## VII.   CONCLUSION

Defendant respectfully requests that this Court assume jurisdiction over this action. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any defenses or objections it may have to this action.  Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

1

Dated:  November 16, 2020                          KEKER, VAN NEST & PETERS LLP

2

3                                                       By:   /s/ R. Adam Lauridsen

4                                                              R. ADAM LAURIDSEN
                                                               THOMAS E. GORMAN
                                                               TRAVIS SILVA
5                                                              EMILY A. HASSELBERG

6                                                              Attorneys for Defendant CHINA BASIN
7                                                              BALLPARK COMPANY LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF A CIVIL ACTION TO FEDERAL COURT
Case No. 3:20-cv-8056

1537821